WILLIAM HARLEY, Respondent, *v.* E. W. RAMSEY, Appellant.

1. *Conveyance — Seal essential, when.*—Under the act of 1835 (R. S. 1835, p. 142, § 2) the deed of the commissioner therein appointed, "under his proper hand and seal," was made sufficient to convey to the purchaser the title and interest of the county. *Held,* that a seal or scrawl attached to the instrument was necessary in order to pass title. The commissioner acted as a public agent in the execution of a statutory power, and to render his acts as such operative it was necessary that he should have complied with the law.

*Appeal from Benton Circuit Court.*

*F. P. Wright,* for appellant.

*Draffin & Muir,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

The rulings of the court in the admission of evidence constitute the essential matter of complaint on the part of the appellant, and from the view that we have taken of the case no other questions need be noticed. The action was in ejectment for the recovery

of a lot in the town of Warsaw, in Benton county, and defendant pleaded title in himself and also set up the statute of limitations.

The trial was before the court sitting as a jury, and judgment was rendered for the plaintiff, and the defendant has brought the case here for review by appeal.

The plaintiff, to establish his title, first offered to read in evidence the record of a conveyance from James Ramsey, as commissioner of the county seat of Benton county, to one DeWitt C. Ballou. The defendant objected to reading this instrument in evidence on the ground that it was not a sealed instrument; that it had neither a seal nor a scrawl by way of a seal, and was therefore incompetent to convey real estate. But the court overruled the objection and permitted the record to be read. The instrument contains no seal affixed to the name of the grantor, nor is there any scrawl made as a substitute for a seal.

When the conveyance was attempted to be made, the statute of 1835 was in force, which provided that the County Court might by their order appoint a commissioner to sell and dispose of any real estate of their county, and that the deed of such commissioner, under his proper hand and seal, for and in behalf of the county, duly acknowledged and recorded, should be sufficient to convey to the purchaser the title and interest of the county. (R. S. 1835, p. 142, § 2.) .

The unsealed writing was not such a conveyance as would pass the title. Ramsey acted as a public agent in the execution of a statutory power, and to render his acts as such operative it was necessary that he should have complied with the law.

Other deeds were offered and read in evidence on the part of the plaintiff, to all of which the defendant objected. These deeds brought down the chain of title to the plaintiff, but they all emanated as a derivative source from the deed of Ramsey to Ballou, and from Ballou to his grantees. As the original source or fountain of title was void, the subsequent deeds were of no effect. Ramsey conveyed no title by his instrument to Ballou, and Ballou was incapable of imparting or transmitting any greater title than he possessed. The result is, therefore, that his grantees took nothing, and their conveyances should have been ruled out.

Such being the case, the plaintiff presented himself in court without any title to stand upon, and it becomes unnecessary to examine into the defendant's title, or the action of the court in giving or refusing instructions.

The judgment must be reversed and the cause remanded. The other judges concur.